UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EMMANUEL AUGUSTIN, Individually and
as Legal Guardian of MARIE ODETTE ORIENTAL,    Docket No. 1:18-cv-01484
an Incapacitated Person,

                    Plaintiff,    **AMENDED COMPLAINT AND JURY TRIAL DEMAND**

    -against-

AMERICAN AIRLINES, INC.

                    Defendant.
------------------------------------------------------------------x

        Plaintiff, EMMANUEL AUGUSTIN, Individually and as Legal Guardian of MARIE ODETTE ORIENTAL, an Incapacitated Person, by and through his attorneys, KREINDLER & KREINDLER LLP, as and for his Complaint against Defendant, AMERICAN AIRLINES, INC., alleges the following upon information and belief:

        1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sec. 1332, insofar as this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interests and costs.

        2.      Venue is proper in this district pursuant to 28 U.S.C. Sec. 1391, insofar as the incident giving rise to the litigation herein occurred within the Eastern District of New York at John F. Kennedy International Airport in Queens, New York.

        3.      At all times herein relevant, Plaintiff, EMMANUEL AUGUSTIN, was, and remains, a resident of the County of Howard, State of Maryland, was above 18 years of age, was the natural-born son of MARIE ODETTE ORIENTAL, and was otherwise sui juris.

        4.      At all times herein relevant, MARIE ODETTE ORIENTAL was, and remains, a resident of the County of Queens, State of New York.

5. On March 13, 2016, MARIE ODETTE ORIENTAL became physically and mentally incapacitated as the result of a massive stroke.

6. Since March 13, 2016, MARIE ODETTE ORIENTAL has been unable to manage the activities of daily living. She cannot speak or write, is permanently wheelchair bound, and has diminished mental capacity.

7. On June 12, 2017, Plaintiff, EMMANUEL AUGUSTIN, was appointed by the Supreme Court of the State of New York, County of Queens, as the Legal Guardian of his mother, MARIE ODETTE ORIENTAL. The Court's Order was entered on June 12, 2017.

8. Plaintiff's Designation and Consent was filed on July 20, 2017. On July 21, 2017, the Queens County Clerk formally granted, gave, and committed the legal guardianship of MARIE ODETTE ORIENTAL to Plaintiff, EMMANUEL AUGUSTIN.

9. Pursuant to the Court's Order, Plaintiff, EMMANUEL AUSTIN, was granted Property Management Powers and Personal Needs Powers over MARIE ODETTE ORIENTAL.

10. The Property Management Powers granted to Plaintiff, EMMANUEL AUGUSTIN, permit Plaintiff to prosecute, defend, settle, and maintain any cause of action, arbitration or civil proceeding on behalf of MARIE ODETTE ORIENTAL.

11. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has been a foreign corporation authorized to do business in the State of New York, with its principal executive office located at 4333 Amon Carter Boulevard, Fort Worth, Texas 76155.

12. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has been a common carrier engaged in the business of transporting passengers for hire by air.

13. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has employed a flight crew responsible for the safe and secure operation of its flights.

14. At all times herein relevant, Defendant, AMERICAN AIRLINES, INC., has employed a flight crew responsible for the safety and well-being of its passengers during the boarding process of its flights.

15. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., operated and controlled a certain aircraft designated as American Airlines Flight 1215 from John F. Kennedy International Airport in Queens, New York (JFK) to Toussaint Louverture International Airport in Port-au-Prince, Haiti (PAP) (hereinafter known as "the subject flight").

16. On March 13, 2016, MARIE ODETTE ORIENTAL was a fare-paying passenger ticketed to travel aboard the subject flight.

17. By virtue of the foregoing, upon booking the aforesaid ticket, MARIE ODETTE ORIENTAL entered into a contract of carriage with Defendant, AMERICAN AIRLINES, INC.

18. Upon information and belief, at the time of booking, MARIE ODETTE ORIENTAL, a physically disabled Creole-speaker, requested that Defendant, AMERICAN AIRLINES, INC., provide her with special-needs assistance for the duration of her travel with Defendant, including during the boarding process of the subject flight.

19. Upon information and belief, the aforesaid special assistance included, but was not limited to, wheelchair services.

20. Upon information and belief, the aforesaid special assistance included, but was not limited to, Creole translation services.

21. The aforesaid special assistance was requested in order to ensure the safety and security of MARIE ODETTE ORIENTAL for the duration of her travel with Defendant, including during the boarding process of the subject flight.

22. On March 13, 2016, the boarding process of the subject flight was conducted,

operated, staffed, and/or otherwise controlled by Defendant, AMERICAN AIRLINES, INC., through its employees, agents and/or servants.

23. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., was responsible for the training, management, supervision, and/or control of its employees, agents and/or servants, including but not limited to their adherence to standard safety practices, policies and protocol.

24. On March 13, 2016, while in the process of boarding the subject flight, MARIE ODETTE ORIENTAL became physically and mentally agitated as the result of a medical event and quickly deteriorated into a visible state of crisis.

25. Upon information and belief, Defendant's employees, agents and/or servants were notified by multiple passengers that MARIE ODETTE ORIENTAL was in a visible state of crisis and in need of immediate assistance.

26. Upon information and belief, an employee, agent and/or servant of Defendant subsequently contacted Plaintiff, EMMANUEL AUGUSTIN, by telephone and informed him that his mother, MARIE ODETTE ORIENTAL, had been deemed "unstable" and needed to be picked up from the airport.

27. Nine minutes later, upon information and belief, Defendant's employee, agent and/or servant again contacted Plaintiff, EMMANUEL AUGUSTIN, and reiterated that MARIE ODETTE ORIENTAL was "unstable" and needed to be picked up from the airport.

28. Thereafter, Defendant's employees, agents and/or servants took no further action as MARIE ODETTE ORIENTAL, a special needs passenger whom they knew to be in crisis and in need of immediate assistance, stood up out of her wheelchair and wandered away from the boarding gate area by herself.

29. After leaving the boarding gate area in a state of extreme agitation, confusion and crisis, MARIE ODETTE ORIENTAL wandered out of the terminal building and into oncoming traffic. She was finally delivered from danger by police officers and paramedics, who found her to be in the midst of a massive stroke.

30. As a direct and proximate result of the failure of Defendant's employees, agents and/or servants to provide MARIE ODETTE ORIENTAL with prompt and proper care and attention when she was visibly in crisis, MARIE ODETTE ORIENTAL was caused to sustain serious and permanent personal injuries that would have otherwise been avoided.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST DEFENDANT AMERICAN AIRLINES., INC., FOR NEGLIGENCE

31. Plaintiff restates and realleges paragraphs 1-30, above, as though fully set forth herein.

32. Defendant, AMERICAN AIRLINES, INC., at all times material hereto, as a common carrier of passengers for hire, owed MARIE ODETTE ORIENTAL, as its fare-paying passenger, the duty of the highest degree of care under the general principles of tort law to provide her with services and transport in a safe and competent manner.

33. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., through its agents, servants, and/or employees, was negligent, reckless and/or careless insofar as it breached its duty of care owed to MARIE ODETTE ORIENTAL by failing to provide her with safe and competent services and transport during the boarding process of the subject flight.

34. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., through its agents, servants, and/or employees, was negligent, reckless and/or careless insofar as it breached its duty of care owed to MARIE ODETTE ORIENTAL by failing to adhere to its own established safety practices and procedures during the course of the aforesaid incident.

35. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., through its agents, servants, and/or employees, was negligent, reckless and/or careless insofar as it breached its duty of care owed to MARIE ODETTE ORIENTAL by failing to act and/or take suitable precautions during the course of the aforesaid incident.

36. On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., through its agents, servants, and/or employees, was negligent, reckless and/or careless insofar as it breached its duty of care owed to MARIE ODETTE ORIENTAL by failing to take necessary steps during the course of the aforesaid incident to safeguard her from injury and ensure her safety as a fare-paying passenger.

37. The aforesaid incident and consequent damages to the Plaintiff occurred without any negligence attributable in any measure to MARIE ODETTE ORIENTAL.

38. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, MARIE ODETTE ORIENTAL was injured.

39. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, MARIE ODETTE ORIENTAL was seriously injured.

40. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, MARIE ODETTE ORIENTAL was permanently injured.

41. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, MARIE ODETTE ORIENTAL suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

42. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, MARIE ODETTE ORIENTAL was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

43. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, EMMANUEL AUGUSTIN, was caused to suffer great economic loss and in the future shall continue to suffer great economic loss on behalf of MARIE ODETTE ORIENTAL.

44. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, EMMANUEL AUGUSTIN, was forced to expend great sums of money on medical treatment and in the future shall continue to expend great sums of money on medical treatment on behalf of MARIE ODETTE ORIENTAL

45. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future lost earnings, past and future lost accumulations, and past and future medical expenses.

46. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future loss of services, comfort, society, companionship, and moral support.

### AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST DEFENDANT AMERICAN AIRLINES., INC., FOR NEGLIGENCE PURSUANT TO 14 CFR PART 382 (THE AIR CARRIER ACCESS ACT)

47. Plaintiff restates and realleges paragraphs 1-46, above, as though fully set forth herein.

48. Defendant, AMERICAN AIRLINES, INC., at all times material hereto, owed MARIE ODETTE ORIENTAL, as a disabled individual, a special duty of care pursuant to 14 CFR Part 82 (The Air Carrier Access Act).

49.     Specifically, Defendant, AMERICAN AIRLINES, INC. owed MARIE ODETTE ORIENTAL a special duty of care pursuant to 14 CFR Sec. 382.101(a) insofar as Defendant was required to ensure the prompt provision of assistance to its disabled passengers during the enplaning process.

50.     On March 13, 2016, Defendant, AMERICAN AIRLINES, INC., through its agents, servants, and/or employees, was negligent, reckless and/or careless insofar as it breached its duty of care owed to MARIE ODETTE ORIENTAL by failing to provide her with prompt and sufficient assistance during the enplaning process, as further described herein.

51.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, MARIE ODETTE ORIENTAL was injured.

52.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, MARIE ODETTE ORIENTAL was seriously injured.

53.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, MARIE ODETTE ORIENTAL was permanently injured.

54.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, MARIE ODETTE ORIENTAL suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

55.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient

assistance during the enplaning process, MARIE ODETTE ORIENTAL was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

56.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, Plaintiff, EMMANUEL AUGUSTIN, was caused to suffer great economic loss and in the future shall continue to suffer great economic loss on behalf of MARIE ODETTE ORIENTAL.

57.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, Plaintiff, EMMANUEL AUGUSTIN, was forced to expend great sums of money on medical treatment and in the future shall continue to expend great sums of money on medical treatment on behalf of MARIE ODETTE ORIENTAL

58.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future lost earnings, past and future lost accumulations, and past and future medical expenses.

59.     As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness in failing to provide MARIE ODETTE ORIENTAL with prompt and sufficient assistance during the enplaning process, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future loss of services, comfort, society, companionship, and moral support.

## AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST
## DEFENDANT AMERICAN AIRLINES., INC., FOR BREACH OF CONTRACT

60.     Plaintiff restates and realleges paragraphs 1-59, above, as though fully set forth herein.

61.     Defendant, AMERICAN AIRLINES, INC., at all times material hereto, owed MARIE ODETTE ORIENTAL, as a customer with special needs, a duty of care pursuant to its Contract of Carriage to provide her with dignified, professional and courteous service at all times, in particular during the boarding process.

62.     Defendant, AMERICAN AIRLINES, INC., breached its Contract of Carriage insofar as Defendant, through its employees, agents and/or servants, did not fulfill its contractual obligation to provide MARIE ODETTE ORIENTAL, a customer with special needs, dignified, professional and courteous service at all times, in particular during the boarding process, as described in further detail herein.

63.     As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, MARIE ODETTE ORIENTAL was injured.

64.     As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, MARIE ODETTE ORIENTAL was seriously injured.

65.     As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified,

professional and courteous service during the boarding process, MARIE ODETTE ORIENTAL was permanently injured.

66. As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, MARIE ODETTE ORIENTAL suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

67. As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, MARIE ODETTE ORIENTAL was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

68. As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, Plaintiff, EMMANUEL AUGUSTIN, was caused to suffer great economic loss and in the future shall continue to suffer great economic loss on behalf of MARIE ODETTE ORIENTAL.

69. As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, Plaintiff, EMMANUEL AUGUSTIN, was forced to expend great sums of money on medical treatment and in the future shall continue to expend great sums of money on medical treatment on behalf of MARIE ODETTE ORIENTAL

70. As a direct and proximate result of Defendant's failure to abide by its Contract of

Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future lost earnings, past and future lost accumulations, and past and future medical expenses.

71. As a direct and proximate result of Defendant's failure to abide by its Contract of Carriage and provide MARIE ODETTE ORIENTAL, a special needs customer, with dignified, professional and courteous service during the boarding process, Plaintiff, EMMANUEL AUGUSTIN, as Legal Guardian of MARIE ODETTE ORIENTAL, is entitled to compensation for past and future loss of services, comfort, society, companionship, and moral support.

**WHEREFORE**, Plaintiff, EMMANUEL AUGUSTIN, Individually and as Legal Guardian of MARIE ODETTE ORIENTAL, an Incapacitated Person, hereby demands judgment against Defendant, AMERICAN AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: New York, New York
      June 1, 2018

KREINDLER & KREINDLER LLP

/s/ Erin R. Applebaum

_____
By: Erin R. Applebaum, Esq.
750 Third Avenue, 32nd Floor
New York, NY 10017
Tel. (212) 973-3430